Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON PARKER, Appellant. [950 NYS2d 904]—Judgment of resentence, Supreme Court, New York County (A. Kirke Bartley, J.), rendered October 24, 2011, resentencing defendant, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

In a resentencing proceeding under CPL 440.46, the court properly made a de novo determination of whether defendant was previously convicted of a violent felony (see People v Dais, 19 NY3d 335 [2012]). Concur—Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.

■ In the Matter of ANGELO P., a Child Alleged to be Neglected. JOSE C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [952 NYS2d 2]—

Order of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about October 20, 2010, which, insofar as appealed from, upon a fact-finding determination that respondent Jose C. neglected the subject child, placed the child in the custody of the Commissioner of Social Services, unanimously affirmed, without costs.

The preponderance of the evidence supported the finding that respondent neglected the subject child (see Family Ct Act § 1012 [f] [i] [B]). Two caseworkers testified that the mother reported that the 20-month-old child was found severely bruised after being left alone with respondent, the mother's paramour, and this was confirmed upon physical examination (see Matter of Portret M., 47 AD3d 424 [1st Dept 2008], lv denied 10 NY3d 714 [2008]). Respondent failed to sustain his burden of offering a satisfactory explanation for the injuries (Matter of Kevin R., 193 AD2d 351, 351-352 [1st Dept 1993], appeal dismissed 82 NY2d 735 [1993]).

Respondent was a person legally responsible for the child within the meaning of Family Court Act § 1012 (g). The evidence established that respondent saw the child four times a week, and acted as the functional equivalent of a parent, by bathing and feeding the child, changing his diaper, and acting as a father figure to him (see Matter of Yolanda D., 88 NY2d 790, 796 [1996]; Matter of Keoni Daquan A. [Brandon W.—April A.], 91 AD3d 414 [1st Dept 2012]). Moreover, because respondent

was legally responsible for the child, he was required to seek medical attention for the child's injuries when they were discovered (see Matter of Samantha M., 56 AD3d 299 [1st Dept 2008], lv denied 11 NY3d 716 [2009]). Concur—Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.